### ADOLPH MITCHELL V. THE STATE.

No. 9324.    Delivered February 3, 1926.

#### 1.—Possessing Equipment, Etc.—Requested Charge—Properly Refused.

Where the court charged on circumstantial evidence, there was no error in refusing a special charge presenting the same issue which sought to single out one fact in evidence and have the jury decide the case on that fact alone, where other material facts have been proven.

#### 2.—Same—Charge of Court—On Alibi—Held, Sufficient.

Where the court in his charge on the law of alibi told the jury that if they entertained a reasonable doubt as to the presence of the appellant at the still when the officers approached same to acquit him, such charge was sufficient. Following McLeroy v. State, 97 Tex. Crim. Rep. 307.

#### 3.—Same—Child as Witness—Competency of—Rule Stated.

The established rule as to competency of a child of tender years as a witness, is that the competency vel non of such witness is a question of fact. It can not be said that there is any particular age at which as a matter of law all children are competent or incompetent. This court has upheld the competency as a witness of a child five years of age. The matter is one which must be confided largely to the discretion of the trial court, and which this court will not revise unfavorably, unless it be convinced that such discretion was abused. See Smith v. State, 73 Tex. Crim. Rep. 272 and other cases cited. Underhill on Crim. Ev. 3rd Ed. Sec. 331.

#### 4.—Same—Evidence—Hearsay—Improperly Admitted.

The declaration of a little child, made to the sheriff, even though made in appellant's presence, is not admissible on the trial, there being no such criminative circumstances in such declaration as called for a denial by appellant. See Ritter v. State, 92 Tex. Crim. Rep. 247.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor, penalty five years in the penitentiary.

The opinion states the case.

*Bibb & Cavin* of Marshall, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Harrison County of possessing equipment for the purpose of manufacturing intoxicating liquor, and his punishment fixed at five years in the penitentiary.

It was not error to refuse a request for a peremptory instruction to acquit. The court charged on circumstantial evidence, and did not err in refusing a special charge presenting that issue which sought to single out one fact in evidence and have the jury decide the case upon that fact alone. Plainly other material facts were proved.

The court on the question of alibi told the jury that if they entertained a reasonable doubt as to the presence of appellant at the still when the officers approached same, they should acquit. This sufficiently charged the law of alibi. McLeroy v. State, 97 Tex. Crim. Rep. 307.

Appellant's bill of exception No. 5 presents his objection to the admission of a statement made by a four-year-old child to the sheriff in appellant's presence. The officer testified that at the still they found a cap, and that when they went to appellant's house some half mile away, they carried the cap and that he, in appellant's presence, showed it to the child referred to and asked him whose cap it was, and the boy replied, "Uncle Adolph's". This was objected to on the ground that appellant was under arrest, also that it was hearsay, and, third, that the boy was incompetent on account of youth. The competency vel non of a witness is ordinarily an issue of fact. Hipple v. State, 80 Tex. Crim. Rep. 542. Mr. Underhill, in Sec. 331 of the 3d Ed. of his work on Criminal Evidence, says: "It may not be said that there is any particular age at which as a matter of law all children are competent or incompetent". In Smith v. State, 73 Tex. Crim. Rep. 272, Judge Davidson, speaking for the court, upheld the

admissibility of the testimony of a five-year-old witness. The matter is one which must be confided largely to the discretion of the trial court, and which this court will not revise unfavorably unless it be convinced that such discretion was abused. However, we are of opinion that the testimony was incorrectly received. There can be no question as to its hurtful effect. It was a conversation between the sheriff and the child. In such case, in order to make same admissible, it would have to appear that appellant understood that he was charged with something that called for a denial on his part before his silence would make the boy's statement admissible. It is not shown that any statement or information had been conveyed to appellant of the fact that he was charged with any crime, nor with knowledge of the fact that ownership of the cap in him, as affirmed by the child, was such criminating circumstance as called for a denial on his part when so stated by the child. See Ritter v. State, 92 Tex. Crim. Rep. 247.

For the error in the admission of this testimony the judgment will be reversed and the cause remanded.

*Reversed and remanded.*